1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  PROFESSIONAL SOLUTIONS INSURANCE COMPANY, | Case No.:  22-CV-01322-GPC-WVG |
| 12 | |
| 13                              Plaintiff, | **ORDER:** |
| | **(1) DENYING MOTION TO STRIKE** |
| 14  v. | |
| 15  THE GROVER LA MESA, INC; SEAN PATRICK McDERMOTT; and DAVID | **(2) GRANTING REQUESTS FOR JUDICIAL NOTICE** |
| 16  HYDE, | |
| | **[ECF Nos. 31 & 36]** |
| 17                              Defendants. | |
| 18  DAVID HYDE, | |
| 19                       Cross-Complainant, | |
| 20  v. | |
| 21  PROFESSIONAL SOLUTIONS INSURANCE COMPANY; HYBRID | |
| 22  PAYROLL, LLC DBA MS. MARY STAFFING; THE GROVE LA MESA, | |
| 23  INC., SEAN PATRICK McDERMOTT, | |
| 24                       Cross-Defendants. | |

25

26      Cross-Defendants The Grove La Mesa, Inc. and Sean Patrick McDermott

27  (collectively "The Grove") filed a motion to strike multiple paragraphs from David Hyde's

28

1   cross-complaint.  ECF No. 31.  Hyde filed an opposition, ECF No. 36, to which The Grove
2   replied, ECF No. 40.  Hyde additionally filed a request for judicial notice.  ECF No. 36-1.
3   The Court finds that the matter is appropriate for decision without oral argument pursuant
4   to Local Civ. R. 7.1(d)(1).  Based on the reasoning below, the Court DENIES The Grove's
5   motion to strike and GRANTS Hyde's requests for judicial notice.

6   **I.   PROCEDURAL BACKGROUND**

7        In June 2022 Hyde filed a First Amended Complaint against Sean Patrick
8   McDermott, The Grove La Mesa, Inc., Sandra Ledesma, and Hybrid Payroll, LLC d/b/a
9   Ms. Mary Staffing in the Superior Court of California, County of San Diego ("Underlying
10  Litigation").[1]  ECF No. 8 at 4.[2]  Hybrid had an insurance policy with Professional Solutions
11  Insurance Company ("Professional Solutions"), the plaintiff in this federal proceeding, for
12  the relevant time period.  *See* ECF No. 1 at 2.  McDermott is purportedly an owner and the
13  CEO of The Grove La Mesa, a cannabis dispensary.  ECF No. 1 ¶¶ 11–12; ECF No. 14 ¶ 1.
14  Ledesma is purported to have been the receptionist, ECF No. 1 ¶ 13; ECF No. 8 at 10, and
15  Hyde was a delivery driver apparently co-employed by Hybrid and The Grove La Mesa,
16  ECF No. 14 ¶ 13; ECF No. 1 ¶ 11.

17       In September 2022 Professional Solutions filed a complaint with this Court seeking
18  declaratory relief that the insurance policy did not afford coverage in the Underlying
19  Litigation as to Defendants The Grove La Mesa, Sean Patrick McDermott, Sandra
20  Ledesma,[3] and David Hyde.  ECF No. 1 at 1, 9.  Hyde filed a cross-complaint against
21  Hybrid and all the other parties, seeking "an exact declaration of the extent of coverage as

22

23  _____

24  [1] The Underlying Litigation is captioned *David Hyde v. Sean Patrick McDermott, et al.*,
    Case No. 37-2021-00005732-CU-PO-CTL (Super. Ct. San Diego Cty., Cali.).

25  [2] Page numbers are based on CM/ECF pagination.

26  [3] Upon joint motion from the parties, the Court dismissed Sandra Ledesma from the
27  proceedings without prejudice.  ECF No. 34.

28

guaranteed by the [Professional Solutions] policy, with respect to each employee, each entity, and as to each of Hyde's claims" in the Underlying Litigation.  ECF No. 14 at 18.

In November The Grove filed the present Motion to Strike as to Hyde's crossclaim, alleging that many paragraphs "are repetitive, immaterial, and impertinent," and that The Grove may be unduly prejudiced if "required to respond to 127 paragraphs of specific factual allegations that are at issue in the Underlying Litigation." ECF No. 31 at 5–6.  Hyde opposes the motion to strike, ECF No. 36, and further requests that the Court take judicial notice of (1) Professional Solutions' insurance policy and (2) Professional Solutions' Complaint "inasmuch as it, by definition, reflects the positions of [Professional Solutions] . . . . denying coverage."  ECF No. 36-1 at 2.  No other party has indicated support or opposition to Hyde's requests for judicial notice.

Professional Solutions and Hybrid have both answered Hyde's crossclaim.  ECF No. 22; ECF No. 35.

## II.    LEGAL STANDARDS

### A.    Striking Material From A Pleading

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A matter is redundant if it "consists of allegations that constitute a needless repetition of other averments or which are foreign to the issue." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005); *see Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal.) (similar).  An immaterial matter lacks "any logical connection with the consequential facts." *Immaterial*, *Black's Law Dictionary*, (11th ed. 2019); *see Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) ("An 'immaterial' matter has no essential or important relationship to the claim for relief or defenses pleaded."). Impertinent matters have "no substantial relation to the action, and will not affect the court's decision." *Irrelevant*, *Black's Law Dictionary* (11th ed. 2019) (entry for

1    "Impertinent" directs to "Irrelevant"); *see Cortina*, 94 F. Supp. 3d at 1182 ("An

2    'impertinent' allegation is neither necessary nor relevant to the issues involved in the

3    action."). "The function of a 12(f) motion to strike is to avoid the expenditure of time and

4    money that must arise from litigating spurious issues by dispensing with those issues prior

5    to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010)

6    (quoting *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

7    *grounds* 510 U.S. 517 (1994)).

8        "Motions to strike are 'generally disfavored because they are often used as delaying

9    tactics and because of the limited importance of pleadings in federal practice.' " *Cortina*,

10   94 F. Supp. 3d at 1182 (quoting *Rosales v. Citibank,* 133 F. Supp. 2d 1177, 1180 (N.D.

11   Cal. 2001)). As such, "motions to strike should not be granted unless it is clear that the

12   matter to be stricken could have no possible bearing on the subject matter of the litigation."

13   *Colaprico v. Sun Microsys., Inc*., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "Courts will

14   not grant motions to strike unless 'convinced that there are no questions of fact, that any

15   questions of law are clear and not in dispute, and that under no set of circumstances could

16   the claim or defense succeed.' " *Novick v. UNUM Life Ins. Co. of America*, 570 F. Supp.

17   2d 1207, 1208 (C.D. Cal. 2008) (quoting *RDF Media Ltd. v. Fox Broad. Co*., 372 F. Supp.

18   2d 556, 561 (C.D. Cal. 2005)). The Court must "view the pleading under attack in the light

19   most favorable to the pleader." *Id*. (quoting *RDF Media*, 372 F. Supp. 2d at 561).

20      **B.    Judicial Notice**

21        The Federal Rules of Evidence "permit[] a court to notice an adjudicative fact if it is

22   'not subject to reasonable dispute.' A fact is 'not subject to reasonable dispute' if it is

23   'generally known,' or 'can be accurately and readily determined from sources whose

24   accuracy cannot reasonably be questioned.' " *Khoja v. Orexigen Therapeutics, Inc.*, 899

25   F.3d 988, 999 (9th Cir. 2018) (citation omitted) (quoting Fed. R. Evid. 201(b)).

26

27                            4

28

1    **III.   DISCUSSION**

2         **A.     Motion To Strike Cross-Complaint**

3         The Grove argues that over 100[4] paragraphs in Hyde's cross-complaint concern facts

4    at issue in the Underlying Litigation rather than the substance of the issue raised by

5    Professional Solutions in this action regarding the extent to which Professional Solutions'

6    insurance policy covers the claims in the Underlying Litigation.  Specifically, the Grove

7    argues that over 100 paragraphs in the cross-complaint are (a) either verbatim or nearly

8    verbatim to Hyde's complaint in the Underlying Litigation and are thus needlessly

9    repetitive, ECF No. 31 at 10; (b) would be prejudicial to answer, *id.* at 9; and are both (c)

10   immaterial and (d) impertinent to determining Professional Solutions' coverage because

11   caselaw requires that the "very existence" of a factual dispute pertaining to the scope of

12   coverage "establish[es] a possibility of coverage and thus a duty to defend," *id.* at 11–12

13   (quoting *Mirpad, LLC v. California Ins. Guarantee Ass'n*, 132 Cal. App. 4th 1058, 1068

14   (2005)).  The Grove asks the Court to "strike all paragraphs of Hyde's crossclaim except

15   paragraphs 2–13, and 128–157." *Id.*

16        Though true that many assertions in Hyde's crossclaim are repetitive of his

17   assertions in the Underlying Litigation, *compare* ECF No. 14 at 4–5 (cross-complaint),

18   *with* ECF No. 14 at 34–35 (complaint in Underlying Litigation), The Grove does not point

19   to any paragraphs that are redundant of assertions made in the present proceeding, *see* ECF

20   No. 31 at 10 (absence).  The Grove relies on the concept that the insurer "is required to

21

22

23   _____

     [4] The Grove frequently refers to "112" and "127" problematic paragraphs that should be
24   stricken while simultaneously requesting that paragraphs 1 and 14–127 be stricken.  *See*
     ECF No. 31 at 9–12.  Striking paragraphs 1 and 14–127 would add up to 115 paragraphs.
25   Based on the list of problematic paragraphs provided in the footnotes seeming to
     correspond with The Grove seeking to strike paragraphs 1 and 14–127, *see id.* at 7 nn. 1–
26   3, the Court interprets The Grove's request to be to strike paragraphs 1 and 14–127, for a
     total of 115 paragraphs.
27

28

1    review all extrinsic facts, including the [allegations in the] Underlying Litigation itself,

2    when evaluating coverage" as support for its argument that allegations in the crossclaim

3    are needlessly repetitive.  ECF No. 31 at 9 (referring to *Scottsdale Ins. Co. v. MV Transp.*,

4    36 Cal.4th 643, 654 (2005)).  Without additional argument or explanation, however, this

5    does not satisfy The Grove's burden to show that the matter should clearly be stricken for

6    being redundant or that it could have no possible bearing on the subject matter.  *See*

7    *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  Indeed, the

8    one case The Grove cites specifically for redundancy discusses the concept in the context

9    of one cause of action—negligent infliction of emotion distress—being redundant in light

10    of another cause of action—negligence—that was already raised in the same complaint.

11    *See Wilkerson v. Butler*, 229 F.R.D. 166, 171 (E.D. Cal. 2005).

12    Stemming from its redundancy argument, The Grove also appears to suggest that

13    requiring it to respond to the "factual allegations copied verbatim from the Underlying

14    Litigation" would be "prejudicial."  ECF No. 31 at 9.  The Grove cites to *Verfuerth v. Orion*

15    *Energy Systems, Inc.*, a Wisconsin District Court case which reasoned that "[r]equiring the

16    Defendant to pay his attorneys to file considered responses to 73 *pages* of background facts

17    definitely falls into the category of prejudice."  65 F. Supp. 3d 640, 652 (E.D. Wis. 2014)

18    (emphasis added).  The complaint in *Verfuerth* had been 96 pages total with 612

19    paragraphs, and more than 450 paragraphs constituting the "background" section.  *Id.*  Due

20    to the complaint's excessive length—the court determined the complaint was "some ten

21    times longer than average"—the court granted the motion to strike as to the entire

22    background section.  *Id.*  Here, in contrast, Hyde's cross-complaint is less than 19 pages

23    long and contains 157 paragraphs total.  *See* ECF No. 14.  The Grove does not engage with

24    this distinction between Hyde's cross-complaint and the complaint in *Verfuerth*.  *See* ECF

25    No. 31 at 9 (absence).  Even if The Grove had compared and contrasted Hyde's cross-

26    complaint from the complaint in *Verfuerth*, the fact that so many paragraphs in Hyde's

27

28

1   cross-complaint are duplicative of his complaint in the Underlying Litigation cuts *against*
2   The Grove's apparent argument that it would be prejudicial to pay attorneys to respond to
3   the redundant paragraphs; they have presumably already done so in the Underlying
4   Litigation.  The Grove has not adequately explained how it will be prejudiced if required
5   to answer the allegations contained in Hyde's cross-complaint, especially in light of Hybrid
6   and Professional Solutions answering the cross-complaint without raising any such
7   concerns.

8          The Grove next argues that paragraphs 1 and 14–127 from the cross-complaint
9   should be stricken for being immaterial and impertinent.  ECF No. 31 at 11–12.  The Court
10  understands the Grove's reasoning to be that:   (1)  Hyde's cross-complaint seeks a
11  "declaration of the extent of coverage as guaranteed by the [Professional Solutions] policy,
12  with respect to each employee, each entity, and as to each of Hyde's claims as expressed
13  in the" Underlying Litigation, ECF No. 14 at 18; (2) "An insurer owes a duty to defend any
14  claim for which there is a *potential* for coverage under the policy. . . . If coverage depends
15  on an unresolved dispute over a *factual* question, the very existence of that dispute would
16  establish a possibility of coverage and thus a duty to defend," *Mirpad*, 132 Cal. App. 4th
17  at 1068 (emphasis in original); and (3) paragraphs 1 and 14–127 in the cross-complaint are
18  immaterial and impertinent because they were already alleged in the Underlying Litigation
19  and "the existence of a factual dispute in the Underlying Litigation triggers [Professional
20  Solutions'] duty to defend." *See* ECF No. 31 at 11–12.  The Grove does not offer any other
21  support for why these paragraphs are immaterial or impertinent. *See id.* at 5–13 (absence).

22         The Grove's reasoning fails on two grounds.  First, it fails to acknowledge the
23  distinction between the relief Hyde is requesting in his cross-complaint and the duty to
24  defend as discussed in *Mirpad*.  Here, Hyde asks for declaratory relief as to the scope of
25  the insurance policy coverage for the claims and parties at issue in the Underlying
26  Litigation.  Depending on the outcome of the instant proceedings, Professional Solutions

27
28

7

may be determined to have a duty to defend certain parties in the Underlying Litigation. Hyde's request for relief is not narrowly tailored to whether Professional Solutions has a duty to defend, however, and instead concerns the full extent of the insurance policy. Second, The Grove does not discuss whether there is a *potential* for coverage, as required in *Mirpad*, only that there is a dispute as to whether there is coverage.  *See Mirpad*, 132 Cal. App. 4th at 1068.  The Grove does not point to any particular factual question in dispute that will determine whether coverage exists. *See id.*  The instant proceedings have yet to determine whether "the complaint []or the known extrinsic facts indicate any basis for potential coverage." *See id.* Accordingly, viewing Hyde's cross-complaint in the light most favorable to Hyde, *see Novick v. UNUM Life Ins. Co. of America*, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008), The Grove has failed to clearly demonstrate that paragraphs 1 and 114–127 "could have no possible bearing on the subject matter of the litigation." *See Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991); *accord Novick*, 570 F. Supp. 2d at 1208.

The Grove's motion to strike is DENIED.

## B.    Hyde's Request For Judicial Notice

Hyde asks that the Court take judicial notice of (1) the Professional Solutions' insurance policy at issue, and (2) Professional Solutions' "complaint inasmuch as it, by definition, reflects the positions of [Professional Solutions] . . . . denying coverage." ECF No. 36-1 at 2.

### 1.    Insurance policy

Hyde argues that the insurance policy at issue should be judicially noticed because the terms of the policy "are not reasonably in dispute." *Id.* at 2–3.  Indeed, no party has opposed Hyde's request for judicial notice of the insurance policy; the policy provided by Hyde coincides with the quoted language purporting to stem from the policy in Professional Solutions' complaint ("Compl."), *compare* Compl. ¶¶ 21–23, *with* ECF No. 36-2 at 22, 24–

8

25 (corresponding quoted language); and only the interpretation of the policy terms—rather than the terms themselves—appear to be in dispute, *see* Compl. ¶ 8.  The Court therefore takes judicial notice of insurance policy number E9346DMLA200 between Hybrid and Professional Solutions.  *See* ECF No. 36-2 at 4–38.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

### 2. Professional Solutions' Complaint

Hyde also requests that the Court take judicial "notice of Professional Solutions' complaint inasmuch as it, by definition, reflects the positions of" Professional Solutions. ECF No. 36-1 at 2.  Courts "may take judicial notice of 'matters of public record,' " but not of facts that are "subject to reasonable dispute."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (first quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986), then quoting Fed. R. Civ. P. 201(b)).  Accordingly, the Court hereby takes judicial notice of Professional Solutions' complaint filed in the present proceeding and the fact that Professional Solutions (1) purports to have repeatedly denied coverage for the claim in the Underlying Litigation, Compl. ¶¶ 36–47; and (2) seeks declaratory relief that the insurance policy does not cover the claim in the Underlying Litigation and that Professional Solutions "has no duty to defend and no duty to indemnify The Grove, McDermott[,] or Ledesma" in the Underlying Litigation, Compl. at 12.

## IV. CONCLUSION

For the reasons explained above, The Grove's Motion to Strike portions of Hyde's cross-complaint is DENIED; and Hyde's requests for judicial notice are GRANTED to the extent stated above.  The hearing previously scheduled for Friday, February 3, 2023 in the above-captioned matter is hereby vacated.

**IT IS SO ORDERED.**

Dated:  January 20, 2023

Hon. Gonzalo P. Curiel
United States District Judge

9